IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ST. CHARLES TOWER, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| CITY OF CHESTERFIELD, MISSOURI, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** Plaintiff St. Charles Tower, Inc. ("St. Charles Tower" or "Plaintiff"), and for its Complaint against Defendant City of Chesterfield, Missouri ("Defendant"), states as follows:

## THE PARTIES

1.      St. Charles Tower is a Missouri corporation which develops sites for telecommunications carriers, including building, maintaining, and operating wireless communications towers, and leasing antenna space on such towers to multiple telecommunications carriers.

2.      Defendant is a political subdivision of the State of Missouri.

## JURISDICTION AND VENUE

3.      This matter arises under the Federal Telecommunications Act of 1996, 47 U.S.C. § 332, et seq. ("TCA"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367.

4.      This Court is the proper venue for this action because the cause of action accrued within the City of Chesterfield, Missouri.

## GENERAL ALLEGATIONS

5.      David and Linda Dalton (collectively, "Dalton") are the owners of a parcel of land located at 1401 Wilson Road, Chesterfield, Missouri  63005 ("Property").

6.      St. Charles Tower entered into a lease with Dalton for a portion of the Property ("Lease") on which St. Charles Tower intended to construct a disguised telecommunications antenna support structure to lease to wireless carriers ("Tower").

7.      The Property is zoned "NU" Non-Urban District ("NU District").

8.      St. Charles Tower filed its Application for Administrative Approval of the Placement of Communications Antennae and Support Structures for the purpose of receiving Defendant's approval for Plaintiff's installation of an 85-foot telecommunications tower disguised as an evergreen tree on the Property.

9.      Defendant was bound to follow the requirements of Section 1003.167.19 of the Zoning Code in reviewing St. Charles Tower's application.

10.     Defendant was also bound to follow the requirements of the TCA in reviewing St. Charles Tower's application.

11.     Section 1003.167.19(3) of Defendant's Zoning Ordinance adopted March 5, 1990, as amended and supplemented ("Zoning Code") states that only a "disguised support structure greater than one hundred (100) feet in height shall require a Conditional Use Permit ("CUP")" in a NU District.

12.     As a result, the  Tower was a permitted use in the NU District where the Property is located, and installation of the Tower was subject to administrative review by Defendant's Director of Planning only.

2

13.     St. Charles Tower's application fully complied with the requirements of Section 1003.167.19 of the Zoning Code.

14.     Defendant's Director of Planning approved St. Charles Tower's application on April 21, 2006.

15.     On or around June 22, 2006, St. Charles Tower submitted an amended Application for Administrative Approval of the Placement of Communications Antennae and Support Structures for the purpose of receiving Defendant's approval for increase of the height of Plaintiff's Tower to 100 feet ("Application").

16.     Defendant's Director of Planning approved the Application on July 14, 2006.

17.     Subsequent to the approval of the Application, St. Charles Tower constructed the Tower.

18.     On November 28, 2006, certain neighboring property owners appealed Defendant's Director of Planning's issuance of approval of the Tower by filing an Appeal of an Administrative Decision to Defendant's Board of Adjustment ("BOA Application").

19.     On February 1, 2007, Defendant's Board of Adjustment voted to overturn Defendant's Director of Planning's approval of the Tower.

## COUNT I - VIOLATION OF 47 U.S.C. § 332(c)(7)(B)(iii) (DENIAL NOT IN WRITING OR SUPPORTED BY SUBSTANTIAL EVIDENCE)

**COMES NOW** Plaintiff, and for Count I of its cause of action against Defendant, states to the Court as follows:

20.     Plaintiff hereby restates and incorporates herein by reference the allegations set forth in Paragraphs 1-19 above.

3

21.     Defendant's Board of Adjustment's reversal of Defendant's Director of Planning's approval of St. Charles Tower's Application was not in writing or supported by substantial evidence, and is therefore in violation of 47 U.S.C. § 332(c)(7)(B)(iii), which states:

> "Any decision by a State or local government or instrumentality thereof to deny a request to place, construct or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record." 47 U.S.C. § 332(c)(7)(B)(iii).

**WHEREFORE**, Plaintiff requests the Court to issue the following orders:

A.      An injunction directing Defendant City of Chesterfield, Missouri to issue an approval of the Application submitted by Plaintiff St. Charles Tower on or around June 22, 2006; and

B.      For any further orders and relief which the Court deems just and proper.

## COUNT II – VIOLATION OF 47 U.S.C. § 332(c)(7)(B)(i)(I) (UNREASONABLE DISCRIMINATION)

**COMES NOW** Plaintiff, and for Count II of its cause of action against Defendant, states to the Court as follows:

22.     Plaintiff hereby restates and incorporates herein by reference the allegations set forth in Paragraphs 1-21 above.

23.     Upon information and belief, permit applications for telecommunications tower similar to St. Charles Tower's Tower have been approved by Defendant.

24.     Defendant's Board of Adjustment unreasonably discriminated against St. Charles Tower by overturning Defendant's Director of Planning's approval of St. Charles Tower's Application, due to the Board of Adjustment's reliance upon factors other than those permitted under the TCA or Defendant's Zoning Code.

4

25.     Defendant's Board of Adjustment's reversal of Defendant's Director of

Planning's approval of St. Charles Tower's Application discriminates among providers of

functionally equivalent personal wireless services in violation of 47 U.S.C. § 332(c)(7)(B)(i)(I),

which states:

> "The regulation of the placement, construction, and modification of
> personal wireless service facilities by any State or local government or
> instrumentality thereof...(I) shall not unreasonably discriminate among
> providers of functionally equivalent services..." 47 U.S.C.
> § 332(c)(7)(B)(i)(I).

**WHEREFORE**, Plaintiff requests the Court to issue the following orders:

A.      An injunction directing Defendant City of Chesterfield, Missouri to issue an

approval of the Application submitted by Plaintiff St. Charles Tower on or around June 22, 2006;

and

B.      For any further orders and relief which the Court deems just and proper.

## COUNT III – VIOLATION OF 47 U.S.C. § 332(c)(7)(B)(i)(II) (PROHIBITING WIRELESS SERVICE)

**COMES NOW** Plaintiff, and for Count III of its cause of action against Defendant, state

to the Court as follows:

26.     Plaintiff hereby restates and incorporates herein by reference the allegations set

forth in Paragraphs 1-25 above.

27.     Defendant's Board of Adjustment's reversal of Defendant's Director of

Planning's approval of St. Charles Tower's Application prohibits or has the effect of prohibiting

the provision of personal wireless services, in violation of 47 U.S.C. § 332(c)(7)(B)(i)(II), which

states:

> "The regulation of the placement, construction, and modification of
> personal wireless service facilities by any State or local government or
> instrumentality thereof...(II) shall not prohibit or have the effect of

5

prohibiting the provision of personal wireless services…" 47 U.S.C. § 332(c)(7)(B)(i)(II).

28. Defendant is not administering its zoning authority in accordance with Defendant's Zoning Code or the TCA, which will have the result that all possible sites in a given area will be rejected.

**WHEREFORE,** Plaintiff requests the Court to issue the following orders:

A. An injunction directing Defendant City of Chesterfield, Missouri to issue an approval of the Application submitted by Plaintiff St. Charles Tower on or around June 22, 2006; and

B. For any further orders and relief which the Court deems just and proper.

## COUNT IV – SUBSTANTIVE DUE PROCESS

**COMES NOW** Plaintiff, and for Count IV of its cause of action against Defendant, states to the Court as follows:

29. Plaintiff hereby restates and incorporates herein by reference the allegations set forth in Paragraphs 1-28 as if fully set forth herein.

30. There is no substantial evidence in the record to support Defendant's Board of Adjustment's reversal of Defendant's Director of Planning's approval of St. Charles Tower's Application.

31. Defendant's Board of Adjustment's reversal of Defendant's Director of Planning's approval of St. Charles Tower's Application was not valid under either Defendant's Zoning Code or the TCA, and such denial was arbitrary, capricious and irrational, and not given in good faith.

32. Defendant's actions were not rationally related to a legitimate public purpose.

6

33. Defendant's actions constitute a violation of Plaintiff's substantive due process rights granted by the Fourteenth Amendment of the United States Constitution.

34. Defendant's actions constitute a violation of Plaintiff's substantive due process rights granted by the Missouri Constitution, Article 1, Section 10.

**WHEREFORE**, Plaintiff requests the Court to issue the following orders:

A. An injunction directing Defendant City of Chesterfield, Missouri to issue an approval of the Application submitted by Plaintiff St. Charles Tower on or around June 22, 2006;

B. A judgment against Defendant for such sum as will fairly and justly compensate Plaintiff for its damages;

C. Plaintiff's costs incurred in filing this action, including attorney's fees; and

D. For any further orders and relief which the Court deems just and proper.

## COUNT V – PROCEDURAL DUE PROCESS

**COMES NOW** Plaintiff, and for Count V of its cause of action against Defendant, states to the Court as follows:

35. Plaintiff hereby restates and incorporates herein by reference the allegations set forth in Paragraphs 1-34 as if fully set forth herein.

36. St. Charles Tower met the requirements of Defendant's Zoning Code for the approval of St. Charles Tower's Application, and Defendant's Board of Adjustment was therefore required to uphold the approval of St. Charles Tower's Application.

37. Further, under 47 U.S.C. § 332(c)(7)(B)(iii), Defendant's Board of Adjustment's reversal of Defendant's Director of Planning's approval of St. Charles Tower's Application should have been supported by substantial evidence contained in a written record.

7

38.     Defendant failed to follow the requirements of 47 U.S.C. § 332(c)(7)(B)(iii), and Defendant's denial of St. Charles Tower's Application was not based on substantial evidence.

39.     Defendant's failure to follow the procedural requirements of Defendant's Zoning Code and 47 U.S.C. § 332(c)(7)(B)(iii) in an effort to block the installation of St. Charles Tower's Tower is a violation of Plaintiff's procedural due process rights granted by the Fourteenth Amendment of the United States Constitution.

40.     Defendant's actions constitute a violation of Plaintiff's procedural due process rights granted by the Missouri Constitution, Article 1, Section 10.

**WHEREFORE**, Plaintiff requests the Court to issue the following orders:

A.      An injunction directing Defendant City of Chesterfield, Missouri to issue an approval of the Application submitted by Plaintiff St. Charles Tower on or around June 22, 2006;

B.      A judgment against Defendant for such sum as will fairly and justly compensate Plaintiff for its damages;

C.      Plaintiff's costs incurred in filing this action, including attorney's fees; and

D.      For any further orders and relief which the Court deems just and proper.

## COUNT VI – EQUAL PROTECTION

**COMES NOW** Plaintiff, and for Count VI of its cause of action against Defendant, state to the Court as follows:

41.     Plaintiff hereby restates and incorporates herein by reference the allegations set forth in Paragraphs 1-40 as if fully set forth herein.

42.     There is no substantial evidence in the record to support Defendant's Board of Adjustment's reversal of Defendant's Director of Planning's approval of St. Charles Tower's Application.

8

43. Defendant's Board of Adjustment's reversal of Defendant's Director of Planning's approval of St. Charles Tower's Application was not valid under either Defendant's Zoning Code or the TCA, and such denial was arbitrary, capricious, and irrational, and not given in good faith.

44. Upon information and belief, permit applications for telecommunications antennae similar to St. Charles Tower's Tower have been approved by Defendant.

45. Defendant's Board of Adjustment's reversal of Defendant's Director of Planning's approval of St. Charles Tower's Application was intentional selective treatment based on impermissible considerations which are unrelated to any legitimate state objective.

46. Defendant's Board of Adjustment's reversal of Defendant's Director of Planning's approval of St. Charles Tower's Application improperly favored existing service providers over Plaintiffs.

47. Defendant's Board of Adjustment's reversal of Defendant's Director of Planning's approval of St. Charles Tower's Application is a violation of Plaintiffs' Equal Protection Rights granted by the Fourteenth Amendment to the United States Constitution.

48. Defendant's Board of Adjustment's reversal of Defendant's Director of Planning's approval of St. Charles Tower's Application is a violation of Plaintiff's Equal Protection Rights granted by the Missouri Constitution, Article 1, Section 2.

49. Plaintiff's actions taken hereunder in furtherance of their rights will confer a substantial benefit on a class of persons if Defendant is forced to uniformly apply its Zoning Code and follow the requirements of the TCA as a result of this lawsuit. An award of damages, fees and costs will operate to spread the cost among the members of the class.

**WHEREFORE**, Plaintiff requests the Court to issue the following orders:

9

A.     An injunction directing Defendant City of Chesterfield, Missouri to issue an approval of the Application submitted by Plaintiff St. Charles Tower on or around June 22, 2006;

B.     A judgment against Defendant for such sum as will fairly and justly compensate Plaintiff for its damages;

C.     Plaintiff's costs incurred in filing this action, including attorney's fees; and

D.     For any further orders and relief which the Court deems just and proper.

## COUNT VII – INVERSE CONDEMNATION/TAKING

**COMES NOW** Plaintiff, and for Count VII of their cause of action against Defendant, state to the Court as follows:

50.     Plaintiff hereby restates and incorporates herein by reference the allegations set forth in Paragraphs 1-49 as if fully set forth herein.

51.     Defendant has adopted express written standards for approval of St. Charles Tower's Application under the Zoning Code.

52.     Plaintiff met or exceeded all of the standards which are set forth in Section 1003.167.19 of the Zoning Code.

53.     There is no substantial evidence in the record to support Defendant's Board of Adjustment's reversal of Defendant's Director of Planning's approval of St. Charles Tower's Application under the Zoning Code or the TCA.

54.     Defendant's Board of Adjustment's reversal of Defendant's Director of Planning's approval of St. Charles Tower's Application was arbitrary, capricious and irrational, and not given in good faith.

10

55.     St. Charles Tower had the legitimate expectation of using the Property to operate a wireless telecommunications tower if its Application met the requirements of Defendant's Zoning Code.

56.     Defendant's Board of Adjustment's reversal of Defendant's Director of Planning's approval of St. Charles Tower's Application did not advance any legitimate state interest, and it deprived Plaintiffs of all economically viable use of the Property.

57.     Plaintiff expended substantial time and money in connection with the Property, and Defendant's conduct interfered with Plaintiff's investment-backed expectations.

58.     The Fifth Amendment of the United States Constitution prevents government entities from taking private property without providing just compensation.

59.     Under the Missouri Constitution, Article 1, Section 26, "private property shall not be taken or damaged for public use without just compensation."

60.     Defendant's Board of Adjustment's reversal of Defendant's Director of Planning's approval of St. Charles Tower's Application constitutes a taking of Plaintiffs' property for public use, without just compensation.

**WHEREFORE**, Plaintiff requests the Court to issue the following orders:

A.      An injunction directing Defendant City of Chesterfield, Missouri to issue an approval of the Application submitted by Plaintiff St. Charles Tower on or around June 22, 2006;

B.      A judgment against Defendant for such sum as will fairly and justly compensate Plaintiff for its damages;

C.      Plaintiff's costs incurred in filing this action, including attorney's fees; and

D.      For any further orders and relief which the Court deems just and proper.

11

## COUNT VIII – VIOLATION OF 42 U.S.C. § 1983

**COMES NOW** Plaintiff, and for Count VIII of its cause of action against Defendant, state to the Court as follows:

61. Plaintiff hereby restates and incorporates herein by reference the allegations set forth in Paragraphs 1-60 as if fully set forth herein.

62. There is no substantial evidence in the record to support Defendant's Board of Adjustment's reversal of Defendant's Director of Planning's approval of St. Charles Tower's Application.

63. Defendant's Board of Adjustment's reversal of Defendant's Director of Planning's approval of St. Charles Tower's Application was not valid under either Defendant's Zoning Code or the TCA, and such denial was arbitrary, capricious and irrational, and not given in good faith.

64. Defendant's Board of Adjustment's reversal of Defendant's Director of Planning's approval of St. Charles Tower's Application was a violation of Plaintiff's substantive and procedural due process rights, and equal protection rights, as detailed in Counts IV, V and VI hereinabove.

65. The actions of Defendant constitute a deprivation of Plaintiff's rights in both the Property and St. Charles Tower's expectation of approval of its Application.

66. Defendant was acting under color of law at all times hereunder.

**WHEREFORE**, Plaintiff requests the Court to issue the following orders:

A. An injunction directing Defendant City of Chesterfield, Missouri to issue an approval of the Application submitted by Plaintiff St. Charles Tower on or around June 22, 2006;

12

B.    A judgment against Defendant for such sum as will fairly and justly compensate Plaintiff for its damages;

C.    Plaintiff's costs incurred in filing this action, including attorney's fees; and

D.    For any further orders and relief which the Court deems just and proper.

## COUNT IX – EQUITABLE ESTOPPEL/VESTED RIGHTS

**COMES NOW** Plaintiff, and for Count IX of its cause of action against Defendant, state to the Court as follows:

67.    Plaintiff hereby restates and incorporates herein by reference the allegations set forth in Paragraphs 1-66 above.

68.    St. Charles Tower constructed its Tower before the Defendant's Board of Adjustment reversed the Defendant's Director of Planning's approval of St. Charles Tower's Application.

69.    Plaintiff incurred substantial expenditures in reliance on the building permit issued by Defendant prior to the revocation of Defendant's Director of Planning's approval of St. Charles Tower's Application.

70.    Plaintiff established a non-conforming use on the Property prior to the Defendant's Board of Adjustment's reversal of Defendant's Director of Planning's approval of St. Charles Tower's Application.

71.    Plaintiff has a vested right to operate the tower on the Property, and Plaintiff has suffered substantial monetary damages due to Defendant's infringement on said vested rights.

**WHEREFORE**, Plaintiff requests the Court to issue the following orders:

A.    An injunction directing Defendant City of Chesterfield, Missouri to issue an approval of the Application submitted by Plaintiff St. Charles Tower on or around June 22, 2006;

13

B.     A judgment against Defendant for such sum as will fairly and justly compensate

Plaintiff for its damages;

C.     Plaintiff's costs incurred in filing this action, including attorney's fees; and

D.     For any further orders and relief which the Court deems just and proper.

## COUNT X - STATE LAW VIOLATIONS

**COMES NOW** Plaintiff, and for Count X of its cause of action against Defendant, state

to the Court as follows:

72.     Plaintiff hereby restates and incorporates herein by reference its allegations set

forth in Paragraphs 1-71 above.

73.     St. Charles Tower's Application fully complied with the requirements of

Defendant's Zoning Code for approval of Plaintiff's Application.

74.     There is no substantial evidence in the record to support Defendant's Board of

Adjustment's reversal of Defendant's Director of Planning's approval of St. Charles Tower's

Application.

75.     Defendant's denial of Plaintiff's Application was arbitrary, capricious and

irrational, and not given in good faith.

**WHEREFORE**, Plaintiff requests the Court to issue the following orders:

A.     An injunction directing Defendant City of Chesterfield, Missouri to issue an

approval of the Application submitted by Plaintiff St. Charles Tower on or around June 22, 2006;

and

B.     For any further orders and relief which the Court deems just and proper.

14

Eric S. Schmitt                         #102010
BLUMENFELD, KAPLAN & SANDWEISS, P.C.
168 N. Meramec, 4th Floor
St. Louis, Missouri 63105
(314) 863-0800/Phone
(314) 863-9388/Fax

Attorneys for Plaintiffs
St. Charles Tower, Inc.